UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KleinBank,                                                    Civil No. 09-3065 (DWF/LIB)

        Plaintiff,

v.                                                            **MEMORANDUM**
                                                              **OPINION AND ORDER**
Raymond W. Haugland, Yvonne J. Haugland,
John Doe, Mary Rowe, and United States
of America Department of the Treasury,
Internal Revenue Service

        Defendants,

and

United States of America, Department of the Treasury,
Internal Revenue Service,

        Counter Claimant,

v.

KleinBank,

        Counter Defendant.
_____

David R. Mortensen, Esq., Eric D. Cook, Esq., and Lawrence A. Wilford, Esq., Wilford & Gaske, PA, counsel for KleinBank.

Daniel A. Beckman, Esq., Gislason & Hunter LLP, counsel for Raymond W. Haugland and Yvonne J. Haugland.[1]

---

[1] Defendants Ray and Yvonne Haugland did not appear and took no position with respect to the motions before the Court. (Doc. No. 39.)

David W. Fuller, Assistant United States Attorney, United States Attorney's Office, counsel for the United States of America Department of the Treasury, Internal Revenue Service.

_____

**INTRODUCTION**

This case concerns the priority of competing security interests in certain real property and the federal doctrine of choateness. The matter is before the Court on cross Motions for Summary Judgment brought by KleinBank and the United States of America, Department of the Treasury, Internal Revenue Service (the "Government"). For the reasons set forth below, the Court denies KleinBank's motion and grants the Government's motion.

**BACKGROUND**

Defendants Raymond W. Haugland and Yvonne J. Haugland are owners of certain real property (the "Property") located in the City of McGregor in Aitkin County, Minnesota. There is no dispute the Property is legally described as follows:[2]

> That part of Government Lot 4 of Section 1, Township 49, Range 24, Aitkin County, Minnesota, to be described as follows:
>
> Commencing at a point on the South line of the Plat of Sandy Lake Beach where it intersects the southerly extension of the easterly line of Lot 30 of said Plat; thence Easterly along said South line of said plat a distance of 509.04 feet; thence South along the southerly extension of the westerly line of Lot 19 of said plat a distance of 125.00 feet; thence South 00 degrees 54 minutes 01 seconds West a distance of 383.94 feet to a point hereby

---

[2] The parties agree on the text of the legal description but have presented the description with different spacing, and Plaintiffs have inserted the phrases "Track K" and "Track L" in their description. The Court's description combines both.

designated and hereinafter referred to as POINT A; thence North 83 degrees 54 minutes 29 seconds East a distance of 194.01 feet; thence South 83 degrees 56 minutes 41 seconds East a distance of 373.00 feet; thence South a distance of 100.00 feet to the actual point of beginning of the following tract of land to be described; thence South 16 degrees 27 minutes 56 seconds East a distance of 213 feet, more or less, to the shoreline of Big Sandy Lake; thence Northeasterly along said shoreline to its intersection with a line bearing South 79 degrees 56 minutes 57 seconds East from the actual point of beginning; thence North 79 degrees 56 minutes 57 seconds West a distance of 222 feet, more or less, to the actual point of beginning. It being the intent of this description that the southerly extension of the easterly line of said Lot 30 has an assigned bearing of South.

Containing 0.6 acre, more or less. Subject to and together with an easement for road purposes as described on the attached Exhibit B (to follow below). Subject to easements, reservations, restrictions or ordinances now of record.

**(Track K)**

AND

That part of Government Lot 4 of Section 1, Township 49, Range 24, Aitkin County, Minnesota, to be described as follows:

Commencing at a point on the South line of the Plat of Sandy Lake Beach where it intersects the southerly extension of the easterly line of Lot 30 of said Plat; thence Easterly along said South line of said plat a distance of 509.04 feet; thence South along the southerly extension of the westerly line of Lot 19 of said plat a distance of 125.00 feet; thence South 00 degrees 54 minutes 01 seconds West a distance of 383.94 feet to a point hereby designated and hereinafter referred to as POINT A; thence North 83 degrees 54 minutes 29 seconds East a distance of 194.01 feet; thence South 83 degrees 56 minutes 41 seconds East a distance of 373.00 feet; to the actual point of beginning of the following tract of land to be described; thence South a distance of 100.00 feet; thence South 79 degrees 56 minutes 57 seconds East a distance of 222 feet, more or less, to the shoreline of Big Sandy Lake; thence Northerly along said shoreline a distance of 102 feet, more or less, to its intersection with a line bearing South 80 degrees 53 minutes 37 seconds East from the actual point of beginning; thence North 80 degrees 53 minutes 37 seconds West a distance of 242.68 feet, more or less, to the actual point of beginning. It being the intent of this description that the southerly extension of the easterly line of said Lot 30 has an assigned bearing of South.

> Containing 0.6 acre, more or less. Subject to and together with an easement for road purposes as described on the attached Exhibit B (to follow below). Subject to easements, reservations, restrictions or ordinances now of record.
>
> **(Track L)**
>
> EXHIBIT B
>
> A 33 foot wide perpetual easement for road purposes over, under and across the following described property:
>
> Government Lot 3 and
> Government Lot 4 of Section 1, Township 49, Range 24, Aitkin County, Minnesota.
>
> Said easement being 16½ feet to the right and 16½ feet to the left of the following centerline to be described:
>
> Beginning at the before described POINT A; thence North 83 degrees 54 minutes 29 seconds East a distance of 194.01 feet; thence South 83 degrees 56 minutes 41 seconds East a distance of 373.00 feet; thence South a distance of 100.00 feet; thence South 16 degrees 27 minutes 56 seconds East a distance of 30.00 feet; thence North 16 degrees 27 minutes 56 seconds West a distance of 30.00 feet; thence North a distance of 100.00 feet; thence North 83 degrees 56 minutes 41 seconds West a distance of 373.00 feet; thence North 05 degrees 46 minutes 49 seconds East a distance of 221.40 feet; thence North 06 degrees 30 minutes 31 seconds West a distance of 279.36 feet to the south line of the plat of Sandy Lake Beach and there said centerline terminating. It is the intent of this description for the easterly and westerly lines of said easement to be lengthened of shortened to intersect with the south line of said plat.

(Doc. No. 24 at 2-4; Doc. No. 33 at 3-5.)

Eagle Valley Bank, N.A. filed the original mortgage on the Property in the principal amount of $340,000 with the Office of the Aitkin County Record on January 22, 2004. KleinBank is now the holder of that mortgage by virtue of an assignment dated August 14, 2007.

There is no dispute that the Property is one contiguous parcel of lakefront property and that KleinBank's mortgage was intended to secure the entire parcel. There is also no dispute that KleinBank's mortgage contains an incorrect legal description. Specifically, the mortgage omits the underlined language in the legal description above, which is an entire page of the legal description. KleinBank explains that the mortgage was intended to encumber the entire parcel containing Tracts K and L but that the mortgage only encumbers Tract K, which is one half of the parcel of the Property. (Doc. No. 14 at 2.) Conversely, the Warranty Deed and Contract for Deed for the Property both legally describe the entire, contiguous parcel, and the Aikin County tract index, where KleinBank's mortgage is properly indexed, also describes the entire parcel.

On March 4, 2009 and March 17, 2009, the Government recorded two Notices of Federal Tax Liens ("NFTLs") in the office of the Aitkin County Recorder against the Hauglands. As of September 30, 2010, the value of the two NFTLs was $203,955.98, with additional interest and fees accruing.

On September 25, 2009, KleinBank filed a Complaint in Aitkin County District Court, seeking to reform its mortgage to include the correct description of the Property. The Government removed the case to this Court on November 2, 2009. Now, KleinBank and the Government each move for summary judgment. KleinBank asserts that it is entitled to have its mortgage reformed and declared senior to the Government's liens because the Government had constructive notice of KleinBank's mortgage as of March 2009. Conversely, the Government asserts that it is entitled to summary judgment

5

because its liens take priority over KleinBank's incomplete mortgage under the doctrine of choateness.[3]

## DISCUSSION

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank of Mo.*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enter. Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record that create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts

---

[3] The Government does not contest the seniority of KleinBank's mortgage as it relates to Track K.

showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).

The Internal Revenue Code contains lien provisions that are intended to insure prompt enforcement of certain tax laws. *See United States v. National Bank of Commerce*, 472 U.S. 713, 721 (1985). Pursuant to 26 U.S.C. § 6321, *et seq.*, when a person liable to pay a federal tax fails to do so after a demand for payment is made, the amount of the tax, together with interest, additions, penalties, and costs, becomes a lien in favor of the United States upon all real and personal property and all rights to property belonging to the delinquent taxpayer. *See Bremen Bank & Trust Co. v. United States*, 131 F.3d 1259, 1262-63 (8th Cir. 1997). The lien arises automatically when the assessment is made and continues until the taxpayer's liability is either satisfied or becomes unenforceable due to the lapse of time. *Id*., *see also* 26 U.S.C. § 6322.

State law determines the nature and extent of a taxpayer's interest in property. *Minn. Dept. of Revenue v. United States*, 184 F.3d 725, 728 (8th Cir. 1999). But federal law "governs the relative priority accorded to the competing liens asserted against the property of the delinquent taxpayer." *Id*. "Federal tax liens do not automatically have priority over all other liens. Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" *Id*. (*internal quotations and citations omitted*). Under federal law, the priority of a lien depends on the time that the lien attached to the property in question and when the lien became choate. *Id*.

It is a question of federal law as to when a lien has become choate or perfected. *United States v. Pioneer Am. Ins. Co.*, 374 U.S. 84, 88 (1963). Choate state-created liens take priority over later federal tax liens, but inchoate state-created liens do not. *Id*. "A state-created lien is 'choate' for 'first in time' purposes only when it has been 'perfected' in the sense that there is nothing more to be done, i.e., when 'the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" *Minn. Dept. of Revenue*, 184 F.3d at 728 (*quoting United States v. City of New Britain*, 347 U.S. 81, 84 (1954)). The test for choateness or perfection "requires that the creditor [has] the right to summarily enforce its lien." *Minn. Dept. of Revenue,* 184 F.3d at 728.

With respect to Track L, KleinBank assumes its mortgage is choate. KleinBank explains that under federal law, a mortgage is properly choate if it is specific as to the identity of the lienor, the amount of the lien, and the property subject to the lien. In this case, KleinBank asserts that there is no dispute with respect to the first two elements. With respect to the third element, KleinBank contends that the proper analysis requires the parties and the Court to look to Minnesota real estate law, which puts the Government in the shoes of a hypothetical judgment lienholder who under Minnesota law would have had constructive notice of KleinBank's mortgage. KleinBank bases this part of its argument on the "protected under local law" portion of 26 U.S.C. § 6323's definition of "security interest" and argues that, because its mortgage was correctly indexed with Aitkin County, the Government had constructive notice which should have led the Government to discover the correct legal description.

In response and in support of its own motion, the Government recognizes that a lien can be senior to a federal tax lien if there is "nothing more to be done to perfect the interest." *New Britain*, 347 U.S. at 84. However, with respect to Track L, the Government asserts that KleinBank's mortgage is inchoate because there is something more to be done to the mortgage's incorrect legal description before the lien can be enforced. The Government contends that KleinBank's lawsuit itself shows that the mortgage cannot be summarily enforced. The Government explains that the question of whether KleinBank is entitled to have its mortgage reformed is separate from the priority of the Government's tax liens because (1) KleinBank's mortgage was not perfected when the NFTLs were filed and (2) because any reformation would not relate back to the Government's liens. The Government further asserts that KleinBank is misguided in asserting that the Government had constructive notice of KleinBank's mortgage, despite the defect in the legal description.

To support its position, the Government relies on *Samco Mortg. Corp. v. Keehn*, 721 F. Supp. 1209 (D. Wyo. 1989). The mortgage at issue in *Samco* contained the correct street address, but the mortgage contained an erroneous legal description. Specifically, even though the mortgage included the correct street address, there was no indication from the mortgage that the street address and the mortgaged property were one and the same. *Samco*, 721 F. Supp. at 1210. Prior to the reformation of the mortgage, the IRS filed three tax liens against the property owners. *Id*. Then, after the tax liens were properly recorded, the plaintiff-mortgage company brought a successful action to reform the mortgage to correct the erroneous legal description. *Id*. Subsequently, the plaintiff-

mortgage company sought to foreclose on the property. *Id*. The IRS also sought to declare its liens superior to the plaintiff's lien on the ground that the mortgage described the taxpayer's property incorrectly. *Id*. The district court found that because the plaintiff could not demonstrate that the mortgage was summarily enforceable—because more needed to be done to enforce the plaintiff's rights under its mortgage at the time the IRS filed its notices of the federal tax liens—the plaintiff's mortgage was inchoate and did not have priority over the tax liens. *Id*. at 1211-12. Specifically, the *Samco* court noted that "the plaintiff recognized that more had to be done to perfect its mortgage when the plaintiff filed its reformation action in state court." *Id*. at 1211. The district court also noted that the plaintiff could not rely on a relation back theory to give its mortgage priority over the federal tax liens. *Id*. Thus, the district court granted the United States' motion for summary judgment, declaring its tax liens superior to the mortgage. *Id*. at 1212.

This case presents a different issue than in *Mortgage Electronic Registration Systems, Inc. v. Sheldon*, Civ. No. 08-5220 (DWF/FLN), 2009 WL 803481 (Mar. 25, 2009), a case in which questions of fact remained as to whether the error in the property description could be interpreted in only one way or whether the mortgage company could summarily enforce its rights without doing anything else. In that case, the correct description was "Northeast 1/4 of the Northeast 1/4," but the mortgage at issue said the "Northeast 1/4 of the Northeast 14." *Sheldon*, 2009 WL 80348 at *1. In contrast, here there are no factual issues as to whether the error in the property description could be interpreted in more than one way because there is no dispute that an

entire page of the legal description is missing. Given this, the Court finds that the factual situation in this case is more like that present in *Samco* as opposed to that presented in *Sheldon*. For this reason, the Court finds the *Samco* court's reasoning persuasive and adopts it as its own.

In sum, a federal tax lien becomes perfected as to any property on the date it was filed. *Bremen Bank,* 131 F.3d at 1262. In contrast, a state-created lien is choate for first in time purposes only when it has been perfected in the sense that there is nothing more to be done. *Minn. Dep't of Revenue*, 184 F.3d at 728. In this case, the Government filed its NFTLs in March 2009. As of that date, KleinBank's mortgage could not be summarily enforced because the legal description did not describe the entire parcel. Given this, federal law requires the Court to find that KleinBank's mortgage with respect to Track L is inchoate and that the Government's liens therefore have priority. *See In re Stradtmann*, 391 B.R. 14, 17 n.6 (B.A.P. 8th Cir. 2008) (affirming bankruptcy's finding of IRS lien priority, despite the absence of a challenge of bankruptcy court's filing of priority). Therefore, the Court grants the Government's motion and denies KleinBank's motion.[4]

---

[4] Although KleinBank asserts that it moved for summary judgment on both reformation *nunc pro tunc* and priority, the parties focused primarily on priority. There appears to be little doubt, however, that KleinBank will be entitled to reformation even though reformation at this stage will not impact the seniority of the Government's liens. For that reason, the Court reaches only the priority issue and therefore will not enter judgment in this case given that there appears to be technical claims and counterclaims that remain open in this case. The Court believes, however, that those outstanding issues
(Footnote Continued on Next Page)

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Government's Motion to Summary Judgment (Doc. No. [22]) is **GRANTED**.

2. KleinBank's Motion for Summary Judgment (Doc. No. [27]) is **DENIED**.


Dated:  December 29, 2010                            s/Donovan W. Frank
                                                     DONOVAN W. FRANK
                                                     United States District Judge

---

(Footnote Continued From Previous Page)

may be able to be resolved by way of a stipulation by the parties or at the parties' upcoming settlement conference.